UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TROY C. PHILLIPS, | ) | Case No. 4:08CV1788 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE SOLOMON OLIVER |
| | ) | (Magistrate Judge McHargh) |
| BENNIE D. KELLY, | ) | |
| Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Troy C. Phillips ("Phillips") has filed a petition for a writ of habeas corpus through counsel, arising out of his 2005 convictions for attempted aggravated robbery and other crimes, in the Lake County (Ohio) Court of Common Pleas. In his petition, Phillips raises two grounds for relief:

> 1. Phillips's rights under the Due Process and Ex Post Facto Clauses of the United States Constitution were violated when the state courts sentenced him to, and/or affirmed, more-than-the-minimum and consecutive prison terms that were not available to the sentencing court at the time Phillips committed the offenses at issue.
>
> 2. Phillips's right to due process was violated when the state courts sentenced him to, and/or affirmed, more-than-the-minimum and consecutive prison terms with no additional findings made by a jury

and when he had not actual or constructive notice of those possible sentences.

(Doc. 1, at § 12.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

> On January 28, 2003, Phillips was charged in Case No. 02 CR 000634, by way of information, with one count of Complicity to Burglary, a felony of the fourth degree in violation of R.C. 2911.12(A)(4) and R.C. 2923.03(A)(2); one count of Complicity to Robbery, a felony of the third degree in violation of R.C. 2911.02(A)(3) and R.C. 2923.03(A)(2); and one count of Vandalism, a felony of the fifth degree in violation of R.C. 2909.05(B)(2).
>
> On March 10, 2003, Phillips entered a written plea of guilty to all three charges. In the plea agreement, Phillips acknowledged that he faced a potential prison sentence of six to eighteen months for Complicity to Burglary, one to five years for Complicity to Robbery, and six to twelve months for Vandalism. Phillips also acknowledged that, if the court chose to run his sentences consecutively, the maximum prison sentence would be seven and a half years.
>
> On April 21, 2003, the trial court sentenced Phillips to serve ninety-five days in the Lake County Jail and three years of community control sanctions.
>
> On December 6, 2004, Phillips was indicted in Case No. 04 CR 000547, by the Lake County Grand Jury, with one count of Aggravated Robbery With Firearm Specification, a felony of the first degree in violation of R.C. 2911.01(B)(1); one count of Assault With Firearm Specification, a felony of the fourth degree in violation of R.C. 2903.13(A); one count of Carrying Concealed Weapons, a felony of the fourth degree in violation of R.C. 2923.12; one count of Possession of Cocaine With Firearm Specification, a felony of the fifth degree in violation of R.C. 2925.11; and one count of Harassment by Inmate, a felony of the fifth degree in violation of R.C. 2921.38(A)(1).

On April 26, 2005, Phillips entered a written plea of guilty to all charges, except that the count of Aggravated Robbery was amended to Attempted Aggravated Robbery With Firearm Specification, a felony of the second degree in violation of R.C. 2911.01(B)(1). In the plea agreement, Phillips acknowledged that he faced a potential prison sentence of two to eight years for Attempted Aggravated Robbery with an additional year for the Firearm Specification; six to eighteen months for Assault with an additional year for the Firearm Specification; six to eighteen months for Carrying Concealed Weapons; six to twelve months for Possession of Cocaine with an additional year for the Firearm Specification; and six to twelve months for Harassment by Inmate. Phillips also acknowledged that, if the court chose to run his sentences consecutively, the maximum prison sentence would be sixteen years.

On May 4, 2005, the trial court, in Case No. 02 CR 000634, terminated Phillips' community control sanctions and sentenced Phillips to seventeen months in prison for Complicity to Burglary; four years in prison for Complicity to Robbery; and eleventh months in prison for Vandalism. The court ordered these sentences to be served concurrently with one another, for an aggregate sentence of four years, but consecutively with the sentence to be imposed in Case No. 04 CR 000547.

On May 6, 2005, the trial court sentenced Phillips in Case No. 04 CR 000547 to seven years in prison for Attempted Aggravated Robbery; one year in prison for Assault; one year in prison for Carrying Concealed Weapons; eleven months in prison for Possession of Cocaine; and eleven months in prison for Harassment by Inmate. The court ordered these sentences to be served concurrently with one another, but consecutively with the sentence imposed in Case No. 02 CR 000634. The court imposed an additional, one-year mandatory prison term for each of the Firearm Specifications to be served concurrently with one another but consecutively with the seven-year term imposed for the other counts. Thus, the court sentenced Phillips to an aggregate twelve-year term of imprisonment for both cases.

Phillips appealed the May 4 and May 6, 2005 Judgment Entries of Sentence to this court on the grounds that the sentencing court engaged in impermissible judicial fact-finding in violation of his constitutional rights, under the authority of Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v. Washington (2004), 542 U.S. 296.

3

> On May 12, 2006, this court reversed Phillips' sentences, on the authority of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and remanded the cases for further proceedings. State v. Phillips, 11th Dist. Nos.2005-L-125 and 2005-L-126, 2006-Ohio-2381.
>
> On June 19, 2006, in Case Nos. 02 CR 000634 and 04 CR 000547, the trial court again sentenced Phillips to an aggregate prison term of twelve years as described above.

(Doc. 7, RX 17, at 2-4; State v. Phillips, No. 2006-L-136, 2007 WL 726678, at *1-*2 (Ohio Ct. App. Mar. 9, 2007).)

As noted above, Phillips' first appeal resulted in a remand for resentencing. (Doc. 7, RX 12; State v. Phillips, No. 2005-L-125, 2006 WL 1313317 (May 12, 2006).) After the trial court resentenced him, doc. 7, RX 13-14, Phillips filed a second appeal.

In his timely appeal of his resentencing, Phillips set forth the five following assignments of error:

> 1. The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
>
> 2. The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms in violation of defendant-appellant's right to due process.
>
> 3. The trial court erred when it sentenced the defendant-appellant to more-than-the minimum and consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.

4

> 4. The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms contrary to the rule of lenity.
>
> 5. The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum and consecutive prison terms contrary to the intent of the Ohio Legislators.

(Doc. 7, RX 15.) The appellate court noted that Ohio courts had consistently rejected the arguments set forth by Phillips, and affirmed the judgment of the lower court. (Doc. 7, RX 17, at 5-6; Phillips, 2007 WL 726678, at *3.)

Phillips filed a timely appeal to the Supreme Court of Ohio, asserting the following five propositions of law:

> 1. A trial court violates an individual's rights under Due Process and the Ex Post Facto Clauses of the Ohio and United States Constitutions when it sentences the individual to a more-than-the-minimum prison term that was not available to the court at the time the individual committed the offense.
>
> 2. A trial court violates an individual's rights to Due Process when it sentences the individual to a more-th[a]n-the-minimum prison term with no additional findings made by a jury and when the individual had no actual or constructive notice of the possible sentences.
>
> 3. A trial court violates the principle of separation of powers provided in the United States and Ohio Constitution by sentencing an individual to a more-than-the-minimum prison term based on this Court's severance of the offending statute provisions under Foster.
>
> 4. A trial court violates the Rule of Lenity when it imposes a more-than-the-minimum prison term upon an individual where the Rule of Lenity dictated a lesser penalty.
>
> 5. A trial court's decision to sentence an individual to a more-than-the-minimum prison term is contrary to the intent of the Ohio legislature who drafted sentencing provisions with the clear intent of limiting judicial discretion to impose such sentences.

(Doc. 7, RX 18.)

On July 25, 2007, the state supreme court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.  (Doc. 7, RX 20; State v. Phillips, 114 Ohio St.3d 1483, 870 N.E.2d 733 (2007).)

Phillips filed this petition for a writ of habeas corpus on July 24, 2008.  (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct

governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Several of the arguments put forward by Phillips allege violations of Ohio law or the Ohio Constitution. The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio law is not properly before this court. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

### III. EX POST FACTO

The first ground of the petition argues that "Phillips's rights under the Due Process and Ex Post Facto Clauses of the United States Constitution were violated when the state courts sentenced him to, and/or affirmed, more-than-the-minimum and consecutive prison terms that were not available to the sentencing court at the time Phillips committed the offenses at issue." (Doc. 1.) Phillips contends that, at the time he committed his offenses, "he enjoyed a presumptive sentence[1] of minimum and concurrent terms of imprisonment." (Doc. 1, memorandum in support, at 3.)

Phillips protests that the Supreme Court of Ohio, in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 549 U.S. 979 (2006), eliminated judicial fact-finding altogether, and improperly and directly amended the sentencing statute. Thus, he contends that "the ex post facto and due process issues presented here fall squarely within the constitutional prohibition on ex post facto laws." (Doc. 1, memorandum in support, at 6-7.) He asserts that the "amended statute . . . (1) aggravates the crime and makes it greater than when committed, (2) inflicts a greater punishment, and (3) alters the legal rules of what needed to be

---

[1] The Supreme Court of Ohio has rejected the concept that there was, prior to Foster, an irrebuttable presumption of minimum and concurrent sentences. State v. Elmore, 122 Ohio St.3d 472, 478, 912 N.E.2d 582, 588 (2009), cert. denied, 130 S.Ct. 1025 (2009).

8

proven in order for a non-minimum and/or consecutive sentence to be imposed." Id. at 8.

In addition, Phillips claims that "the amended statute" violates the Ex Post Facto Clause and principles of due process because it "(1) is retrospective; and (2) disadvantages the offender affected by it." Id. at 8 (citing Miller v. Florida, 482 U.S. 423 (1987), and other cases).

The state court of appeals rejected Phillips' arguments as follows:

Phillip' assignments of error all challenge the retroactive application of the Ohio Supreme Court's decision in Foster to his sentencing hearing. The arguments raised in support of this position are identical to the arguments raised and rejected in prior decisions of this court. See State v. Green, 11th Dist. Nos.2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 2006-L-075, 2006-Ohio-7011.

Phillips' arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9; United States v. Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.

(Doc. 7, RX 17, at 5-6; Phillips, 2007 WL 726678, at *3.)

This court has addressed the same arguments as well, on more than one occasion. See, e.g., Allen v. Hudson, No. 1:08CV1825, 2009 WL 5178315, at *5-*6 (N.D. Ohio Dec. 29, 2009); Torres v. Beightler, No. 1:09CV191, 2009 WL 2705880, at *4 (N.D. Ohio Aug. 27, 2009); Schaub v. Brunsman, No. 1:08CV2522, 2009 WL 2143746, at *5 (N.D. Ohio July 16, 2009) (citing cases). See generally State v. Elmore, 122 Ohio St.3d 472, 912 N.E.2d 582 (2009), cert. denied, 130 S.Ct. 1025

9

(2009) (finding resentencing pursuant to Foster does not violate Sixth Amendment right to jury trial, or Ex Post Facto or Due Process Clauses of U.S. Constitution).

An ex post facto law "changes the punishment or inflicts a greater punishment than the law annexed to the crime when it was committed." Black's Law Dictionary (6th ed. 1990) 580. The United States Constitution prohibits a state from passing any ex post facto law. U.S. Const. art. I, § 10, cl. 1. To fall within the prohibition of the Ex Post Facto Clause, a law must 1) apply to events occurring before its enactment, and 2) disadvantage the offender. United States v. Page, 131 F.3d 1173, 1175 (6th Cir. 1997), cert. denied, 525 U.S. 828 (1998). The change in the law must alter the definition of criminal conduct or increase the penalty by which a crime is punishable. Id. (citing California Dep't of Corrections v. Morales, 514 U.S. 499, 506 n.3 (1995)). The critical question is "whether the law changes the legal consequences of acts completed before its effective date." United States v. Reese, 71 F.3d 582, 591 (6th Cir. 1995), cert. denied, 518 U.S. 1007 (1996) (quoting Weaver v. Graham, 450 U.S. 24, 31 (1981)).

Ohio courts have uniformly rejected ex post facto challenges to the Foster decision. See, e.g., Elmore, 122 Ohio St.3d at 476-477, 912 N.E.2d at 587-588; State v. Sharp, No. 89295, 2007 WL 4200755, at *2 (Ohio Ct. App. Nov. 29, 2007); State v. Green, No. 2005-A-0069, 2006 WL 3703204, at *3-*4 (Ohio Ct. App. Dec. 15, 2006); State v. McGhee, No. 17-06-05, 2006 WL 2796275, at *7 (Ohio Ct. App. Oct. 2, 2006). See generally United States v. Barton, 455 F.3d 649, 657 (6th Cir.), cert.

denied, 549 U.S. 1087 (2006) (United States v. Booker, 542 U.S. 220 (2005), does not violate ex post facto).

The Ohio Supreme Court in Elmore held that resentencing pursuant to Foster does not violate the Ex Post Facto or Due Process Clauses of the U.S. Constitution. Elmore, 122 Ohio St.3d at 473, 912 N.E.2d at 584 (syllabus). As to the ex post facto argument, the court found that Elmore's challenge failed because he faced no greater penalty on resentencing than he had at his original sentencing, thus there had been no increase in the potential punishment he faced. Id. at 475, 477, 912 N.E.2d at 586, 588. The court distinguished Miller v. Florida, 482 U.S. 423 (1987), because in that case the Florida legislature had increased the presumptive prison range. Id. at 477, 912 N.E.2d at 588. See also Woody v. Welch, No. 3:08CV2534, 2009 WL 1440828, at *8-*9 (N.D. Ohio May 20, 2009) (noting that Miller involved retroactive application of legislative enactment). In the case before it, the court noted that the statutory penalties for the crimes in Elmore remained the same both before and after Foster. Such is the case here as well.

For example, Phillips acknowledged in his plea agreement that he faced a potential prison sentence of two to eight years for Attempted Aggravated Robbery, a felony of the second degree in violation of R.C. 2911.01(B)(1). (Doc. 7, RX 8, at 3, plea in 04CR547 case.) He also acknowledged that, if the court chose to run all his sentences in that case consecutively, the maximum prison term would be sixteen years. Id. He was originally sentenced to seven years on the Attempted Aggravated Robbery count, and a total period of incarceration of eight years in the

11

04CR547 case.  (Doc. 7, RX 9, at 3.)  Upon resentencing, he received the same sentence.  (Doc. 7, RX 14, at 2.)  Both sentences were within the statutory range, and less than the maximum of which he had been advised.

The appellate court in McGhee found no ex post facto violation because the defendant "knew the potential statutory sentence for committing a first degree felony, because he had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and because [he] was unlikely to amend his criminal behavior in light of a sentencing change."  McGhee, 2006 WL 2796275, at *7.  In Sharp, the court noted that "the sentencing range was the same at the time [the defendant] committed the offenses as when he was sentenced," and Foster "did not judicially increase the range of his sentence."  Sharp, 2007 WL 4200755, at *2.

The court finds these decisions persuasive.  As pointed out by this court in Torres, "Foster did not criminalize any conduct which had not been criminal prior to the decision.  Nor did Foster increase the maximum penalty that could be handed down for a crime."  Torres, 2009 WL 2705880, at *8.  See also Adams v. Kelly, No. 4:09CV137, 2009 WL 5061766, at *6 (N.D. Ohio Dec. 15, 2009) (finding Elmore persuasive).

In any event, the court finds that Phillips has failed to demonstrate that the state court decisions concerning his ex post facto claims were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## IV. DUE PROCESS

The second ground of the petition is that "Phillips's right to due process was violated when the state courts sentenced him to, and/or affirmed, more-than-the-minimum and consecutive prison terms with no additional findings made by a jury and when he had not actual or constructive notice of those possible sentences." (Doc. 1.) Phillips argues that the maximum criminal penalty that he should have faced by virtue of his April 2005 guilty pleas[2] was "a minimum, non-consecutive prison sentence totaling 4 years." (Doc. 10, at 3.)

Phillips asserts that Bouie v. City of Columbia, 378 U.S. 347, 350 (1963), requires that "due process demands that a defendant have fair warning of what constitutes a crime." (Doc. 1, memorandum in support, at 11.) He argues that a defendant is denied fair warning "when there is an unforeseeable and retroactive judicial expansion of statutory language that appears narrow and precise on its face." Id. He contends that he could not have foreseen Foster's severance of portions of the sentencing statute, therefore, he "had no fair warning of the

---

[2] The plea agreements themselves advised Phillips to the contrary. See, e.g., Allen, 2009 WL 5178315, at *11 (plea agreement stated potential range of sentence). Phillips himself acknowledged in his plea agreements that he faced longer potential prison sentences. (Doc. 7, RX 2, 8.) For example, he acknowledged that, if the court chose to run all his sentences consecutively, the maximum prison term could be sixteen years in the 04CR0457 case alone. (Doc. 7, RX 8, at 3.) He was originally sentenced to a total period of incarceration of twelve years. (Doc. 7, RX6, at 2, and RX 9, at 3.) Upon resentencing, he received the same sentence. (Doc. 7, RX 14, at 2.) The sentences were within the statutory ranges, and less than the maximum of which he had been advised.

potential punishment for the offenses, and the trial court should not have added any enhancements when imposing his sentences." Id.

The Ohio Supreme Court in Elmore held that resentencing pursuant to Foster does not violate the Due Process Clause of the U.S. Constitution. Elmore, 122 Ohio St.3d at 473, 912 N.E.2d at 584 (syllabus). As to the due process argument, the court found that the application of the Foster remedy to the defendant's resentencing did not violate due process because:

> Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to his earlier committed offenses, nor did it create the possibility of consecutive sentences where none had previously existed. Thus, Elmore had notice of the sentencing range, which was the same at the time he committed the offenses as when he was resentenced. He never had an irrebuttable presumption of minimum and concurrent sentences.

Elmore, 122 Ohio St.3d at 478, 912 N.E.2d at 588. The court also noted that federal circuit courts had rejected similar due process criticisms of Booker, because "defendants were on notice as to the statutory maximums regardless of whether federal sentencing guidelines were mandatory." Id. at 479, 912 N.E.2d at 589 (citing cases).

Bouie v. City of Columbia arose out of a "sit-in" demonstration at a segregated lunch counter[3] at Eckerd's Drug Store in Columbia, South Carolina. Bouie, 378 U.S. at 348. The Court set out the following factual background:

> On March 14, 1960, the petitioners, two Negro college students, took seats in a booth in the restaurant department at Eckerd's and waited

---

[3] The rest of the store was not segregated.

14

>to be served. No one spoke to them or approached them to take their orders for food. After they were seated, an employee of the store put up a chain with a 'no trespassing' sign attached. Petitioners continued to sit quietly in the booth. The store manager then called the city police department and asked the police to come and remove petitioners. After the police arrived at the store the manager twice asked petitioners to leave. They did not do so. The Assistant Chief of Police then asked them to leave.

Id.  They were arrested, and subsequently acquitted of breach of the peace, but convicted of criminal trespass, which conviction was upheld on appeal.

The South Carolina statute had defined the prohibited conduct as "entry upon the lands of another * * * after notice from the owner or tenant prohibiting such entry."  Id. at 349.  The Supreme Court continued:

>The South Carolina Supreme Court, in affirming petitioners' convictions, construed the statute to cover not only the act of entry on the premises of another after receiving notice not to enter, but also the act of remaining on the premises of another after receiving notice to leave.  * * * Petitioners contend, however, that by applying such a construction of the statute to affirm their convictions in this case, the State has punished them for conduct that was not criminal at the time they committed it, and hence has violated the requirement of the Due Process Clause that a criminal statute give fair warning of the conduct which it prohibits.  We agree with this contention.

Id. at 350.

The Court noted that the "basic principle" at issue in Bouie was that "a criminal statute must give fair warning of the conduct that it makes a crime."  Id. at 350.  The Court found that the South Carolina statute, which was precise on its face had been "unforeseeably and retroactively expanded by judicial construction."  Id. at 352.  The Court explained:

15

> By its terms, the statute prohibited only 'entry upon the lands of another * * * after notice from the owner * * * prohibiting such entry * * *.' There was nothing in the statute to indicate that it also prohibited the different act of remaining on the premises after being asked to leave.

Id. at 355.

> The Court concluded:

> The crime for which these petitioners stand convicted was 'not enumerated in the statute' at the time of their conduct. It follows that they have been deprived of liberty and property without due process of law in contravention of the Fourteenth Amendment.

Id. at 363.

The elements of the crimes for which Phillips entered guilty pleas, such as Attempted Aggravated Robbery, were not modified in any way by any judicial action of the state courts. Phillips cannot argue that the statute did not give him fair warning of the conduct that it makes Attempted Aggravated Robbery a crime. See, e.g., Adams , 2009 WL 5061766, at *6 (despite Foster, Ohio criminal statutes gave fair notice that acts defendant engaged in were prohibited, and degree of punishment which could be imposed). The reliance on Bouie v. City of Columbia is thus misplaced, and the court finds no due process violation of federal law as expressed in Bouie. See generally Torres, 2009 WL 2705880, at *8 (Foster did not increase penalty; Ohio's criminal statutes gave defendant fair warning of what was prohibited and of potential penalties); Lyles v. Jeffreys, No. 3:07CV1315, 2008 WL 1886077, at *12 (N.D. Ohio Apr. 24, 2008) (federal courts have universally rejected arguments that sentencing statutes reshaped by Booker violate due process).

16

Phillips also argues that there is a constitutional violation because one result of Foster is that "Ohio has effectively foreclosed appellate review of these sentences." (Doc. 1, at 9; doc. 10, at 7.) Cursory research reveals that Ohio felony sentences are still receiving appellate review after Foster, although the state courts have not yet unanimously resolved the applicable standard of review. See, e.g., Adams, 2009 WL 5061766, at *10; State v. Kalish, 120 Ohio St.3d 23, 28, 896 N.E.2d 124, 130 (2008) (2-step approach); State v. Harris, No. 90699, 2008 WL 4885049, at *13 (Ohio Ct. App. Nov. 13, 2008). Phillips has not identified any clearly established federal law that would indicate that Ohio's sentencing appeal procedures are unconstitutional.

The court finds that Phillips has failed to demonstrate that the state court decisions concerning his due process claims were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## V. SUMMARY

The petition for a writ of habeas corpus should be denied. Phillips has failed to demonstrate that the state court decisions concerning his ex post facto and due process claims were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be DENIED.

Dated: Apr. 2, 2010         /s/ Kenneth S. McHargh
                            Kenneth S. McHargh
                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).