UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| TROY C. PHILLIPS, | ) | Case No.: 4:08 CV 1788 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| BENNIE D. KELLY, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |


On July 24, 2008, Petitioner Troy C. Phillips ("Phillips" or "Petitioner") filed a petition

for writ of habeas corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging

the constitutionality of his state court convictions for attempted aggravated robbery along with

other crimes.  In his Petition, Phillips raises the following grounds:

> (1) Phillips's rights under the Due Process and Ex Post Facto Clauses
> of the United States Constitution were violated when the state courts
> sentenced him to, and/or affirmed, more-than-the-minimum and
> consecutive prison terms that were not available to the sentencing court
> at the time Phillips committed the offenses at issue.
>
> (2) Phillips's right to due process was violated when the state courts
> sentenced him to, and/or affirmed, more-than-the-minimum and
> consecutive prison terms with no additional findings made by a jury
> and when he had not actual or constructive notice of those possible
> sentences.

(*See* Supplement to Habeas Petition at 3, 10.)  This court referred the case to Magistrate Judge

Kenneth S. McHargh, for preparation of a Report and Recommendation.

Magistrate Judge McHargh submitted his Report and Recommendation (ECF No.11) on April 2, 2010, recommending that Phillip's Petition for Habeas Corpus under 28 U.S.C. § 2254 be denied.  Both parties agreed that there were no issues of non-exhaustion or procedural default; therefore, Magistrate Judge McHargh addressed the merits of Phillips's Petition.  First, he found that Phillips's ex post facto rights were not violated when he was resentenced pursuant to *State v. Foster*, 845 N.E.2d 470 (2006).  He noted that this exact argument has been rejecting in several cases.  Second, he found that Phillips's due process rights were not violated by the state court's resentencing as he had fair notice that his acts constituted a crime and he was given notice of the possible punishment that he was facing.

As of the date of this Order, Petitioner has not filed objections to the Report and Recommendation.  By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Further, the court finds that after *de novo* review of the Report and Recommendation and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law.  Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation.  (ECF No. 11.)  Phillips's Petition is hereby denied, and final judgment is entered in favor of the Respondent.  The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in

good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C.

§ 2253(c); Fed. R. App. P. 22(b).

     IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

May 10, 2010